UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffery Todd Cook, | ) C/A No.  9:15-3639-JMC-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Mildred Mitchell Bateman Hospital; Craig Richardson, *C.E.O.*; Pat Fran, *Assistant C.E.O.*; Tom Sullivan, *Healthcare Associate*, | ) |
| Defendants. | ) |

The Plaintiff, Jeffery Todd Cook, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.  He appears to be involuntarily confined at the Columbia Regional Care Center in Columbia, South Carolina.

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319.



Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). In the case at Bar, a plain reading of Plaintiff's allegations establishes that he cannot pursue his claims in this Court.

## Discussion

Plaintiff brings claims against the Mildred Mitchell-Bateman Hospital in Huntington, West Virginia,[1] where he appears to have been involuntarily confined at the time of the alleged incidents. The individual Defendants appear to be employees of the hospital. Plaintiff claims that Defendant Sullivan, a health service worker who was "in charge of watching" Plaintiff, gave him smokeless tobacco and let him use Sullivan's cell phone in an attempt to gain sexual favors from Plaintiff. Plaintiff also alleges that Sullivan fondled him and that from mid 2013 to December 2014 Sullivan touched him, made suggestive remarks, sexually assaulted, abused, and threatened Plaintiff. Complaint, ECF No. 1 at 3-4. He requests monetary damages for trauma, major health setbacks, embarrassment, and humiliation that resulted from the alleged incidents. Id. at 5.

Assuming, without deciding, that Plaintiff alleges sufficient facts to establish federal court jurisdiction, the proper venue for this case is not the District of South Carolina. Plaintiff's claims may only be brought in:

---

[1]This facility is a state supported psychiatric hospital. See, e.g., Thompson v. Carlisle, No. 3:05–0452, 2009 WL 3160481 (S.D.W.Va. Sept. 28, 2009).

2



> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Neither sections (1) or (2) apply in this case, nor do Plaintiff's allegations establish that any defendant is subject to personal jurisdiction in this Court.

Rule 4(e) Federal Rules of Civil Procedure ("Service upon Individuals within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court absent application of so-called state "long arm" statutes:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

3



Fed.R.Civ.P. 4(e).  Under the applicable South Carolina long arm statute, S.C. Code Ann. § 36–2–803 ["Personal jurisdiction based upon conduct"], nonresidents may be served and subjected to state court jurisdiction when certain types of facts are presented in a case (e.g., entering a contract in this state, committing a tort in this state, etc.).  None of those types of facts are presented in this case, nor does Plaintiff's Complaint reveal any other basis for this court to obtain personal jurisdiction over any Defendant.  See ESAB Group, Inc. v. Zurich Ins. PLC, 685 F.3d 376, 391 (4th Cir. 2012)[noting plaintiff has burden to show personal jurisdiction over defendants].

As such, there is no basis evident from Plaintiff's Complaint that would allow this Court to obtain personal jurisdiction over the individual Defendants, who all appear to be residents of Huntington, West Virginia.  Rather, this action should have been brought in the Southern District of West Virginia, which includes Huntington, West Virginia, where the Mildred-Bateman Hospital is located, where all Defendants presumably reside, where the alleged acts giving rise to this case occurred, and where, presumably, records and other evidence relevant to this action are maintained.  See 28 U.S.C. § 1391.  This case is not properly brought in the District of South Carolina and, in the interests of justice, venue should be transferred to the appropriate federal district court that can obtain personal jurisdiction over Defendants and where venue is proper.  28 U.S.C. § 1404(a) [A court may transfer a case to any other district where it might be brought "[f]or the convenience of parties and witnesses, in the interests of justice."].

While this district court also has the power to dismiss this action, an order of transfer is more appropriate if it is in the interest of justice; see 28 U.S.C. § 1406(a); and this court has authority to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both.  See In re Carefirst of Md., Inc., 305 F.3d 253, 255–56 (4th Cir. 2002).  By transferring the case, Plaintiff is saved the

4



additional time and expense of refiling, while occasioning no substantial cost to Defendants or to the judicial system.  Therefore, in the interest of justice, this action should be transferred to the United States District Court for the Southern District of West Virginia.

### **Recommendation**

Based on the foregoing, it is recommended[2] that the Court order the transfer of this action to the United States District Court for the Southern District of West Virginia.

Plaintiff's attention is directed to the important notice on the next page.

September 21, 2015                                             Bristow Marchant
Charleston, South Carolina                                United States Magistrate Judge

---

[2] There is a split of opinion as to whether a Magistrate Judge has the authority to order a transfer of venue to another district.  Within the District of South Carolina itself, there are cases in which the Magistrate Judge has ordered transfer of venue (e.g., Feralloy Corp. v. Spig Industry, Inc., C/A No. 2:09-3028-RMG-BM, 2010 WL 3432283 (D.S.C. 2010); and Realson v. University Medical Pharmaceuticals Corp., C/A No 4:09-3277-TLW-TER, 2010 WL 1838911 (D.S.C. 2010)), and other cases in which the Magistrate Judge has prepared a Report and Recommendation.  (e.g. Massi v. Lomonaco, C/A No. 0:10-265-CMC-PJG, 2010 WL 2429234 (D.S.C. 2010); Hayes v. Paschall Truck Lines, Inc., C/A No. 3:09-1869-JFA-JRM, 2010 WL 2757227 (D.S.C. 2010); and Thomas v. Lockheed Martin Corp., C/A No. 6:06-1342-HMH-BHH, 2006 WL 2864423 (D.S.C. 2006).  Since the authority of the undersigned to issue an order of transfer is not settled, and in order to give the pro se litigant an opportunity to object to the transfer of this case if he chooses to do so, the undersigned has entered a Report and Recommendation for review by the Court.

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

